IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAMAR T. STANFORD, | § | |
| | § | No. 499, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1511011810 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 26, 2018
Decided: May 15, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

(1) The appellant, Shamar T. Stanford, has appealed the Superior Court's order of June 7, 2017,[1] and supplemental order of August 28, 2017,[2] denying his motion for postconviction relief and request for the appointment of counsel under Superior Court Criminal Rule 61. The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Stanford's opening and supplemental opening briefs that the appeal is without merit.

---

[1] *State v. Stanford*, 2017 WL 2484588 (Del. Super. June 7, 2017).
[2] *State v. Stanford*, 2017 WL 3706959 (Del. Super. Aug. 28, 2017).

(2) In January 2016, Stanford was indicted for Possession of a Firearm by a Person Prohibited ("PFBPP"), Endangering the Welfare of a Child, and three drug offenses. During pre-trial proceedings, Stanford's trial counsel filed a motion to suppress, which was denied on December 2, 2016.

(3) On December 12, 2016, Stanford pleaded guilty to two charges in the indictment—PFBPP and endangering the welfare of a child—and was sentenced to a total of sixteen years of Level V incarceration, including a five-year minimum mandatory term, with the balance suspended for probation. In exchange for the guilty plea, the State agreed to dismiss the other charges in the indictment.

(4) Stanford did not file a direct appeal from the guilty plea or sentence. He did, however, file a series of letters and motions—including a motion for postconviction relief—attacking the validity of his guilty plea and sentence, the effectiveness of his trial counsel, and the Superior Court's denial of the pre-trial suppression motion.

(5) In his postconviction motion as amended in April and May 2017, Stanford raised overlapping claims of illegal search and seizure, police perjury, ineffective assistance of counsel, unfulfilled plea agreement, and involuntary guilty plea. Also, Stanford requested the appointment of counsel. The Superior Court denied the merit of Stanford's ineffective assistance of counsel claims, and dismissed those claims under Rule 61(d), and determined that Stanford's challenges

to the guilty plea, the sentence imposed, and the pre-trial suppression ruling, were procedurally barred under Rule 61(i)(3), (4), and (5).

(6)    We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law de novo.[3]  Having carefully considered the parties' submissions on appeal and the Superior Court record—including an affidavit filed by Stanford's former trial counsel in response to the allegations of ineffectiveness—we affirm the denial of Stanford's motion for postconviction relief and request for counsel on the basis of the Superior Court's well-reasoned decisions of June 7, 2017 and August 28, 2017.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).